1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11    RACHEL ENGLISH,                          Case No. 2:21-cv-07086-GW-AFM

12                    Plaintiff,
                                               **ORDER DISMISSING FIRST**
13         v.                                  **AMENEDED COMPLAINT WITH**
                                               **LEAVE TO AMEND**
14    HAWTHORNE POLICE
15    DEPARTMENT, *et al.*,

16                    Defendants.

17

18         On September 2, 2021, plaintiff, proceeding *pro se*, filed this civil rights action

19    pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff also filed a Request to Proceed

20    *In Forma Pauperis* ("IFP"), which was subsequently granted.  (ECF Nos. 3, 5.)  In

21    the Complaint, plaintiff named as a defendant only the Hawthorne Police Department

22    ("HPD").  (ECF No. 1 at 2.)  Plaintiff sought monetary damages and unspecified

23    "injunctive relief."  (*Id.* at 5.)  Plaintiff stated in her pleading that the events giving

24    rise to her claim occurred on "September 8th [sic] shortly after 12am [sic]."  (*Id.* at

25    4.)  Plaintiff, however, alleged no facts in support of what appeared to be a single

26    claim and instead referenced an "attached Statement."  (*Id.*)

27         In accordance with the mandate of 28 U.S.C. § 1915(e)(2), the Court screened

28    the Complaint to determine whether the action is frivolous or malicious; fails to state

a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  Following careful review of the Complaint, the Court found that, as then pled, plaintiff's Complaint failed to comply with Rule 8 because it failed to include a short and plain statement of any claim sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  Further, the allegations appeared insufficient to state a federal civil rights claim on which relief may be granted against the only named defendant. Accordingly, on September 27, 2021, the Complaint was dismissed with leave to amend to correct the deficiencies as discussed in the Court's Order Dismissing Complaint with Leave to Amend. (ECF No. 7; "Court's First Order".)  Plaintiff was admonished that, if she desired to pursue this action, she should file a First Amended Complaint no later than thirty (30) days after the date of the Court's First Order, remedying the deficiencies discussed therein.  Plaintiff was further admonished that, if she failed to remedy the deficiencies of her pleading, the Court would recommend that this action be dismissed without further leave to amend for failure to state a claim and failure to follow the Court's orders. (*Id.* at 4, 13-14.)

Plaintiff filed a First Amended Complaint on October 28, 2021.  (ECF No. 8; "FAC".)  The caption of the pleading names the Hawthorne Police Department and Officer Naghaway as defendants (*id.* at 1), but no defendants are named in the body of the pleading.  Further, the pleading does not raise any claims.  Rather, the pleading consists of a cover page followed by 22 pages of discussion.  The pleading references "damages" and "punitive" (*id.* at 17), but no simple and direct demand stating the relief that plaintiff is seeking is included.  Pursuant to the mandate of 28 U.S.C. § 1915(e)(2), the Court has screened the FAC to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the pleading is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two

reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  The Court is not "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).   A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).   Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.   No technical form is required."   Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).   If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, then the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).   Failure to comply with Rule 8 constitutes an independent basis for dismissal

1    of a pleading that applies even if the claims are not found to be "wholly without

2    merit." *See McHenry*, 84 F.3d at 1179.

3          Following careful review of the FAC, the Court finds that, as currently pled,

4    plaintiff's pleading once again fails to comply with Rule 8 because it fails to include

5    a short and plain statement of any claim that is sufficient to give any defendant fair

6    notice of what plaintiff's claims are and the grounds upon which they rest.  Further,

7    the allegations appear insufficient to state a federal civil rights claim on which relief

8    may be granted against any defendant.  Accordingly, the FAC is dismissed with leave

9    to amend to correct the deficiencies as discussed in this Order.  *See Rosati*, 791 F.3d

10   at 1039 ("A district court should not dismiss a pro se complaint without leave to

11   amend unless it is absolutely clear that the deficiencies of the complaint could not be

12   cured by amendment.") (internal quotation marks omitted).

13         **If plaintiff desires to pursue this action, she is ORDERED to file a Second**

14   **Amended Complaint no later than thirty (30) days after the date of this Order,**

15   **remedying the deficiencies discussed herein.**  Plaintiff is admonished that, if she

16   fails to timely file a Second Amended Complaint or fails to remedy the deficiencies

17   of her pleading, the Court will recommend that this action be dismissed without

18   further leave to amend and with prejudice for failure to state a claim and failure to

19   follow the Court's orders.[1]

20   **A.     RULE 8**

21         The Court finds that plaintiff's FAC violates Rule 8 in that the pleading fails

22

23   [1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended
     Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.
24   Accordingly, although this Court believes that you have failed to plead sufficient factual matter in
     your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not
25   required to omit any claim or defendant in order to pursue this action.  However, if you decide to
     pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then
26   this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned
     district judge a recommendation that such claim be dismissed with prejudice for failure to state a
27   claim, subject to your right at that time to file Objections with the district judge as provided in the
     Local Rules Governing Duties of Magistrate Judges.
28

1    to allege a minimum factual and legal basis for any claim that is sufficient to give

2    any defendant fair notice of the number and type of claims raised in the pleading,

3    which claim(s) is raised against which defendant, and which factual allegations in the

4    pleading give rise to any claim.

5        It remains entirely unclear to the Court how many claims plaintiff is alleging

6    in this action and who she is purporting to raise any claim against.  Plaintiff states in

7    the pleading that she is "amending [her] complaint to include the complete document

8    that [she] had prepared at the time of the filing."  (ECF No. 8 at 2.)  To the extent

9    that plaintiff intends that this pleading accompany or augment the Complaint that she

10   initially filed, plaintiff is admonished that her initial Complaint has been dismissed

11   by the Court.  As set forth in the Court's First Order, any amended pleading that

12   plaintiff files in this action must be "complete in and of itself without reference to the

13   original Complaint."  (*See* ECF No. 7 at 13.)  Further, the filing of an amended

14   pleading supersedes the original pleading.  *See, e.g., Chavez v. Robinson*, 12 F.4th

15   978, 993 n.8 (9th Cir. 2021) (an amended complaint "renders [the] original complaint

16   "'non-existent'"); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

17   1546 (9th Cir. 1989) ("an amended pleading supersedes the original").  Accordingly,

18   the Court has screened the FAC as a complete pleading without reference to the non-

19   dismissed Complaint.

20       In the FAC, plaintiff admits that she has failed to correct the deficiencies in

21   her original Complaint as set forth in the Court's First Order and states that she has

22   been "unable to change the complaint [sic] to answer all of the Court's concerns more

23   thoroughly" because of her health.  (ECF No. 8 at 2.)  Plaintiff requests that the Court

24   "put this matter on hold."  (*Id.*)  Plaintiff's request is **DENIED**.  Plaintiff did not

25   request additional time in which to file her FAC, and the Court now has screened that

26   pleading.  **If plaintiff wishes to proceed with this action, and if she requires**

27   **additional time in which to file a Second Amended Complaint, then she should**

28   **request an extension of time when it becomes necessary.  If plaintiff is unable to**

**pursue her claims at this time, and she wishes to dismiss this action, then she**

**may use the Notice of Dismissal form attached to this Order to dismiss the action**

**without prejudice pursuant to Federal Rule of Civil Procedure 41(a).**

It is entirely unclear to the Court the number of claims plaintiff is purporting to raise in this action and which defendant(s) she is raising any claim against. The FAC does not clearly name any defendant. In the body of the pleading, plaintiff states "1983 [sic] Claim against Hawthorne Police Department for Violation of Civil Rights," but no claim follows this statement. (ECF No. 8 at 2.) Rather, plaintiff discusses her failed attempt to obtain "information" from the HPD and states that she is "amending [her] Complaint to include the complete document" she prepared earlier. (*Id.* at 2-3.) As noted above, the Court has previously dismissed the Complaint, and plaintiff may not supplement that pleading. Plaintiff then includes an "Introduction," in which she again references a "lawsuit against the Hawthorne Police Department for violating [her] civil rights under the Fourteenth Amendment Due Process" Clause. (*Id.* at 3.) Plaintiff cites an "unwritten policy" of the HPD regarding excessive force against pretrial detainees. (*Id.* at 3-5.) Plaintiff alleges that she had been "injured from a car crash six months prior to the attack from the police" and argues that she cannot show that she was injured "only from the use of force" because of her earlier injury. It is not clear what injury plaintiff alleges she suffered at any time. Plaintiff later alleges that the "officers" "created a worsening [sic] of suicidal headaches," but no facts are alleged concerning how any action by any defendant caused plaintiff to suffer "suicidal headaches" at any time. Further, it is not clear what claim(s) plaintiff is raising with these allegations. (*Id.* at 4, 14.)

Next, plaintiff includes a section entitled "Circumstances." (*Id.* at 5.) Plaintiff alleges that she was in the custody of the HPD after having been arrested at an unspecified time on charges of vandalism. (*Id.*) Plaintiff references dates of September 8 and September 9, 2019 (*id.*), but it is not clear when or where the alleged use of excessive force occurred. Plaintiff also alleges that force was never required

and a "need to maintain order never arose" (*id.* at 7), but plaintiff sets forth no facts in the FAC to support these conclusionary allegations.[2]  Many pages later in the pleading, after a heading stating only "Punitive," plaintiff alleges that she was "sitting on a bench" at an unspecified location on September 9, 2021, after she had "just been denied medical care."  (*Id.* at 17.)  Plaintiff then sets forth allegations against a "defendant" and "defendants" that are similar to those set forth earlier in the pleading, but it is not clear which individuals plaintiff is referencing.  (*Id.* at 17-19.)  Further, it is not clear if plaintiff is purporting to set forth a separate claim in the "Punitive" section of her pleading.  Additionally, plaintiff alleges that she asked an unspecified doctor for medication for "nerve pain" from an earlier injury, but the doctor left "without attending to [her] medical needs."  (*Id.* at 5-6.)  No doctor appears to be named as a defendant in this action, and it does not appear that plaintiff is purporting to raise a claim for inadequate medical care against any defendant.

In the FAC, plaintiff does not allege specific facts against specific individuals. As the Court previously apprised plaintiff, to state a federal civil rights claim against an individual defendant, plaintiff must allege that the individual defendant deprived her of a right guaranteed under the United States Constitution.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original).  As the Supreme Court has made clear, in order to state a claim against an individual defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each claim "across the

---

[2]  In the FAC, plaintiff references "video evidence" that she did not attach to the pleading and which therefore cannot be considered by the Court as part of her factual allegations.  (*Id.* at 6, 13.)

1    line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680.  As currently pled,

2    the factual allegations in the FAC are insufficient to show that any individual official

3    caused a violation of plaintiff's federal constitutional rights.  To the extent that

4    plaintiff wishes to state a claim against any individual employee of the HPD, plaintiff

5    should set forth a short and plain statement of the facts against each such defendant

6    in separate claim for that defendant.

7         In the FAC, Plaintiff discusses a "qualified immunity defense" (ECF No. 8 at

8    9-10) as well as "equality" and "Plato" (*id.* at 15-17), but such arguments violate the

9    mandate of Rule 8 that a pleading clearly and concisely set forth factual allegations

10   sufficient to provide each defendant with notice of which defendant is being sued on

11   which theory and what relief is being sought against them.  *See McHenry*, 84 F.3d at

12   1177-79.  Moreover, plaintiff's FAC includes allegations that "[u]pon leaving" she

13   "was diagnosed" with various injuries.  (ECF No. 8 at 13.)  Plaintiff, however, fails

14   to set forth any facts showing: that she requested medical treatment from any HPD

15   official subsequent to the alleged use of excessive force; when she was released from

16   the custody of the HPD; when she sought medical treatment from a medical

17   professional; how long after the incident she received a diagnoses of an injury; or

18   how the actions of any named defendant caused such injury.  Plaintiff's unsupported

19   and conclusory statements are not entitled to the presumption of truth when

20   "determining whether a claim is plausible." *Salameh*, 726 F.3d at 1129.

21        Once again, it is not clear from the pleading when the incident or incidents

22   giving rise to any claims against the HPD or any other defendant took place.  Plaintiff

23   references the Fourteenth Amendment (ECF No. 8 at 3, 5, 14, 19), pretrial detainees,

24   her "pretrial status," and alleges that she had "been arrested on false charges." (*Id.*

25   at 3-5.)  It appears to the Court that plaintiff was a pretrial detainee at the relevant

26   time.  The FAC, however, does not clearly allege facts setting forth what incident or

27   incidents gave rise to any specific claim against any individual at a particular time.

28   To the extent that plaintiff wishes to raise any federal civil rights claim against

Officer Naghaway, or any other individual police officer, plaintiff should name such individual as a defendant in the caption and in the body of an amended pleading and clearly allege what action each defendant took or failed to take at what time in connection with each claim that plaintiff wishes to raise.

In addition, to the extent that plaintiff may be purporting to hold any official at the HPD liable in a supervisory role for the allegedly unconstitutional conduct of individual police officers, supervisory personnel are not liable under § 1983 on a theory of *respondeat superior*. *See, e.g., Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  Plaintiff fails to allege any facts showing that any HPD official set "in motion a series of acts by others," or "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).  In order to state a claim against a HPD official, plaintiff must allege simply, concisely, and directly facts showing how each such official, through the official's own individual actions, has violated the Constitution.

As currently pled, it remains unclear to the Court which, or the number of, defendants plaintiff wishes to name in this action, the number of claims plaintiff is raising against any defendant, the factual basis for any claim, or what actions any defendant is alleged to have taken that plaintiff alleges give rise to a constitutional deprivation.  Thus, the FAC fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level").  Because plaintiff is appearing *pro se*, the Court must construe the factual allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  That said, the

1  Supreme Court has made clear that a court has "no obligation to act as counsel or
2  paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  In addition,
3  the Supreme Court has held that, while a plaintiff need not plead the legal basis for a
4  claim, the plaintiff must allege "simply, concisely, and directly events" that are
5  sufficient to inform the defendants of the factual grounds for each claim against each
6  defendant. *Johnson*, 574 U.S. at 12.  A pleading such as plaintiff's FAC that merely
7  alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to
8  comply with Rule 8.  *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation
9  marks omitted).

10     Accordingly, the Court finds that plaintiff's FAC fails to comply with Rule 8
11  because plaintiff does not allege facts showing how any defendant took an affirmative
12  act, participated in the affirmative act of another, or failed to perform an act that
13  caused a specific deprivation of plaintiff's constitutional rights.  It is not clear what
14  action by which HPD official at what time is alleged to have caused any constitutional
15  deprivation.  Plaintiff's FAC therefore fails to comply with the requirement of Rule
16  8 that she set forth a minimal factual and legal basis for each claim sufficient to give
17  each defendant fair notice of what plaintiff's claims are and the grounds upon which
18  they rest.  *See, e.g., McHenry*, 84 F.3d at 1177-79.  The FAC also violates Rule 8
19  because plaintiff's failure to connect any alleged injury to any supporting facts or to
20  the actions of any individual police officer violates a plaintiff's duty to allege
21  "simply, concisely, and directly" facts "sufficient to show that [each] claim has
22  substantive plausibility." *See Johnson*, 574 U.S. at 12.

23     Plaintiff is admonished that, if she wishes to pursue any federal civil rights
24  claim against any defendant in this action, then she should set forth in an amended
25  pleading a separate, short, and plain statement for each claim alleging the actions that
26  each named defendant took, or failed to take, that *caused* a specific violation of a
27  right guaranteed under the federal Constitution.

28

11

**B.      FOURTEENTH AMENDMENT CLAIMS FOR EXCESSIVE FORCE**

Plaintiff's FAC appears to indicate that she had been arrested and was a pretrial detainee at the time of the alleged incident(s).  If plaintiff was a pretrial detainee at the relevant time, then any claims concerning the alleged use of excessive force arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069-70 (9th Cir. 2016) (en banc) (applying the Fourteenth Amendment's objective reasonableness standard set forth in *Kingsley*).  In order to state such a claim, a plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97; *see also Brown v. Trejo*, 818 Fed. App'x 599, 602 (9th Cir. June 9, 2020) ("We assess the reasonableness of force 'from the perspective of a reasonable officer on the scene,' using the facts known to the officer at the time and considering the legitimate security interests of the jail.") (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).  The standard applicable to excessive force claims raised by pretrial detainees is purely an objective one, and "it does not matter whether the defendant understood that the force used was excessive, or intended it to be excessive." *Castro*, 833 F.3d at 1069.

Here, plaintiff's few factual allegations are entirely insufficient to raise a reasonable inference that any police officer knowingly used force against plaintiff that was objectively unreasonable.  Plaintiff alleges that she was "in custody sitting on a bench" at an unspecified location when an unspecified medical official refused

plaintiff's request for "medication for nerve pain resulting from a car crash approximately six months prior" to the relevant incident.  (ECF No. 8 at 5-6.) Plaintiff states the conclusory assertion that an "officer" "initiated" an "argument" after plaintiff was denied "medical care." (*Id.* at 14.)  The only specific facts alleged are that Officers Naghaway and Espinoza (who does not appear to be a defendant herein) were "standing close enough to hear plaintiff's conversation with the doctor." An unspecified defendant is alleged to have made a comment to plaintiff about having "an attitude with the doctor," and plaintiff told the officer to "mind her own business." (*Id.* at 6-7.)  A defendant, possibly Officer Naghaway, ordered plaintiff to "get up."  Plaintiff, however, did "not immediately respond to this officer's verbal command." (*Id.*)  Although plaintiff alleges that no force was necessary (*id.*), she admits that she refused to comply with an order from a police officer while she was in police custody.  Plaintiff discusses why force was not necessary in plaintiff's opinion; alleges without explanation that she "knew that she was about to be subjected to an attack; states without any support that she "reasonably believed that she was about to sustain immediate bodily injury"; and alleges that she "screamed continuously," but "they continued the abuse" and "they continued this assault." (*Id.* at 7-13, 20-21).  Plaintiff also states the unsupported assertion that "air circulation [was] being cut off to her brain for more than a minute." (*Id.* at 14, 22.)

No allegations are set forth showing that an officer put any weight on plaintiff's neck or restricted "air circulation" at any time.  Further, plaintiff references "abuse" and alleges that an unspecified "defendant" slammed "plaintiff's head and body into the wall," but it is not clear when these actions took place.  (*Id.* at 10.) Plaintiff also alleges that she "attempt[ed] to defend herself" at an unspecified time but then contradictorily states that she was not "being violent." (*Id.* at 10-12.) Plaintiff's FAC accordingly fails to allege "simply, concisely, and directly events" that are sufficient to inform any defendant of the factual grounds for each claim plaintiff is raising against each defendant. *Johnson*, 574 U.S. at 12.

1    As plaintiff previously was admonished, if plaintiff wishes to state a claim for

2    the alleged use of excessive force against a specific HPD officer, plaintiff should set

3    forth facts showing that the amount of force that such police officer used was

4    objectively unreasonable under the circumstances giving rise to the incident.  In the

5    FAC, plaintiff fails to allege sufficient facts about the relevant incident to allow the

6    Court to assess the reasonableness of the use of force "from the perspective of a

7    *reasonable* officer on the scene," using the facts known to an officer at that time and

8    considering the legitimate security interests of the HPD.  *See, e.g., Kingsley*, 576 U.S.

9    at 396-97; *Castro*, 833 F.3d at 1069.

10    Plaintiff's FAC fails to set forth a simple, concise, and direct account of the

11    actions taken by each individual defendant that plaintiff alleges used force against

12    plaintiff.  To the extent that plaintiff is attempting to allege a claim against a HPD

13    officer arising from the use of excessive force, plaintiff should name such officer as

14    a defendant in a Second Amended Complaint and allege facts that are sufficient to

15    inform each defendant of the grounds for each claim that plaintiff raises.  *See*

16    *Johnson*, 574 U.S. at 12.  Further, plaintiff should allege facts sufficient to allow the

17    Court to determine whether the factual allegations in an amended pleading are

18    sufficient to raise more than a sheer possibility that any defendant acted unlawfully

19    in using the force alleged.  *See Iqbal*, 556 U.S. at 678.  The Court must evaluate

20    factors such as: the relationship between the need for force and the amount of force

21    used, the extent of plaintiff's harm caused by the force, any efforts made by the

22    officer to limit the amount of force used, the threat reasonably perceived by the

23    officer, whether plaintiff was actively resisting, and the legitimate interests of the

24    HPD in maintaining order and security.  *See Kingsley*, 576 U.S. at 397-400.

25

26

27

28

**C.      CIVIL RIGHTS CLAIMS AGAINST THE HPD**

Plaintiff's FAC fails to allege any specific facts against the HPD.  Plaintiff alleges only that the HPD "established an unwritten policy by consistently ignoring complaints against Officer Naghaway"; that the HPD failed to "punish Officer Naghaway for her repeated behavior"; and that the HPD has "an unwritten policy allowing officers to abuse detainees."  (ECF No. 8 at 3, 19.)  Plaintiff alleges no facts in the FAC concerning any incident other than the one that appears to have occurred against plaintiff on September 8 or September 9, 2019.  Plaintiff does not allege that any specific prior complaint was filed against Officer Naghaway.  Further, plaintiff sets forth no facts showing what type of misconduct was raised in any earlier complaint, how many prior complaints against Officer Naghaway involved the alleged use of excessive force, when such complaints were made, whether similar complaints regarding the use of excessive force were made against any other officer in the same time period, when officials at the HPD first became aware of complaints against Officer Naghaway or any other officer arising from the alleged use of excessive force, and whether any corrective action was taken by the HPD in response to any complaints of the use of excessive force by any officer.

As the Court previously admonished plaintiff, to the extent that she is purporting to state a federal civil rights claim against the HPD pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), the Supreme Court in *Monell* held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis and internal quotation marks omitted)).

Here, the FAC alleges no facts giving rise to a reasonable inference that the execution of a specific policy, ordinance, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation"). Further, liability against the HPD pursuant to *Monell* may not be premised on an isolated or sporadic incident such as plaintiff appears to be alleging. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

Following an amendment, plaintiff's pleading still fails to set forth any factual allegations concerning a practice, policy, or custom of the HPD that plaintiff alleges was a "traditional method of carrying out policy" and which allegedly caused an alleged constitutional violation. Plaintiff's conclusory and unsupported allegation that the HPD "consistently" ignored "complaints against Officer Naghaway" is not entitled to a presumption of truth. The Court is not "bound to accept as true" an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates*, 883 F.3d at 1243; *see also Salameh*, 726 F.3d at 1129.

Further, to the extent that plaintiff may be purporting to allege that the HPD is responsible for the alleged actions of a specific officer arising from a "failure to train" police officers concerning the use of force, plaintiff must set forth factual allegations giving rise to a reasonable inference that the HPD's alleged "failure to train" was a

"widespread practice." *See, e.g., Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012).  In addition, to state such a claim, plaintiff must allege that policy makers for the HPD were "on actual or constructive notice that a particular omission in their training program causes [officers] to violate citizens' constitutional rights," and the policy makers nonetheless "choose to retain that program."  *Connick*, 563 U.S. at 61; *see also Marsh*, 680 F.3d at 1160 (plaintiff must allege that the "inadequate training 'actually caused' the deprivation of her rights").  No such facts are alleged in the FAC.

Accordingly, the Court finds that plaintiff's FAC fails to set forth factual allegations sufficient to raise a plausible inference that the HPD is liable for any alleged constitutional violation.  *See, e.g., Iqbal*, 556 U.S. at 678.

************

**If plaintiff still desires to pursue this action, she is ORDERED to file a Second Amended Complaint no later than January 14, 2022, remedying the pleading deficiencies discussed above.**  The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading or document.

Plaintiff is admonished that, irrespective of her *pro se* status, if plaintiff wishes to proceed with this action, then she must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R.").  *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3; L.R. 83-2.2.3.  For example, pursuant to Fed. R. Civ. P. 10(a), the caption of the pleading must include all defendants listed in the body of the pleading.  *See also* L.R. 11-3.8(d).

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that

1    she must sign and date the civil rights complaint form, and she must use the space

2    provided in the form to set forth all the claims that she wishes to assert in a Second

3    Amended Complaint.  Further, if plaintiff feels that any document is integral to any

4    claim, then she should attach such document as an exhibit at the end of the Second

5    Amended Complaint and clearly allege the relevance of each attached document to a

6    specific claim raised in the Second Amended Complaint.

7         In addition, if plaintiff no longer wishes to pursue this action, then she may

8    request a voluntary dismissal of the action pursuant to Federal Rule of Civil

9    Procedure 41(a) by filling out, dating, and signing the attached form.  The clerk also

10   is directed to attach a Notice of Dismissal form for plaintiff's convenience.

11        **Plaintiff is further admonished that, if she fails to timely file a Second**

12   **Amended Complaint or fails to remedy the deficiencies of this pleading as**

13   **discussed herein, then the Court will recommend that the action be dismissed**

14   **with prejudice on the grounds set forth above and for failure to diligently**

15   **prosecute.**

16        **IT IS SO ORDERED**.

17

18   DATED: 12/14/2021

19

20                                                    _____

21                                                    ALEXANDER F. MacKINNON
                                                      UNITED STATES MAGISTRATE JUDGE

22

23   Attachment:  Form CV-066
                  Form CV-009

24

25

26

27

28